**STATE OF WEST VIRGINIA**

**FILED**

**February 15, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **L.L. and H.L.**

**No. 18-0900** (Nicholas County 17-JA-151 and 17-JA-152)

## MEMORANDUM DECISION

Petitioner Mother A.R., by counsel Joseph M. Mosko, appeals the Circuit Court of Nicholas County's September 12, 2018, order terminating her parental rights to L.L. and H.L.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Denise N. Pettijohn, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2017, the DHHR filed a child abuse and neglect petition alleging that the children were abused and neglected due to the father's substance abuse. The petition was amended later in November of 2017 to include allegations against petitioner, who had not been located and was believed to be homeless.

The circuit court held an adjudicatory hearing in January of 2018. The DHHR moved the circuit court to amend the petition to include an allegation that petitioner failed to provide for her children and failed to visit them, constituting abuse and/or neglect. Petitioner informed the circuit court that she was willing to stipulate to the allegations against her. The circuit court accepted her stipulation and adjudicated her as an abusing parent.

Later in January, the circuit court granted petitioner an improvement period based on a multidisciplinary team ("MDT") recommendation. The terms and conditions included that

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

petitioner participate in supervised visitation; submit to random drug and alcohol screens; remain free from drugs and alcohol; maintain contact with the DHHR; complete services addressing parenting, housekeeping, cleanliness, and budgeting; obtain and maintain employment; and participate in a psychological evaluation and follow all recommendations.

The circuit court held a dispositional hearing in June of 2018. A Child Protective Services ("CPS") worker testified that petitioner tested positive for methamphetamine four times over the course of the proceedings and refused to submit to drug screens at other times. In fact, petitioner failed to provide a single negative screen during the proceedings, which prevented her from visiting with the children. Further, petitioner did not maintain contact with the DHHR and only "sparingly" participated in adult life skills classes. While petitioner did participate in a psychological evaluation, she failed to follow through with any of the recommendations, including long-term inpatient substance abuse treatment with follow-up outpatient treatment. Petitioner also failed to obtain employment.

Petitioner testified that she submitted to counseling the day before the hearing and had housing, but not reliable transportation. Petitioner also admitted to "basically" self-medicating, and stated that she had last used drugs a "[c]ouple days ago." After hearing evidence, counsel for petitioner requested that the circuit court defer its ruling in order to allow petitioner to seek inpatient substance abuse treatment. However, the circuit court denied the request and found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future given the amount of time since her last visit with the children and her lack of effort or progress in the proceedings. The circuit court further found that termination of petitioner's parental rights was in the children's best interests. It is from the September 12, 2018, order terminating her parental rights that petitioner appeals.[2]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record

---

[2]The father is currently participating in an improvement period and the children are placed with him in a trial reunification. The permanency plan for the children is reunification with the father pending the successful completion of his improvement period. The concurrent permanency plan is adoption by a relative.

viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights when she took steps to address the conditions of abuse and/or neglect by maintaining suitable housing, participating in counseling, and expressing a willingness to participate in long-term inpatient substance abuse treatment. According to petitioner, "[t]he only outstanding issue with which [she] needed to grapple was her substance use." We disagree.

West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. According to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child[.]

The record demonstrates that there was no reasonable likelihood that petitioner could correct the conditions of abuse and/or neglect in the near future. Here, petitioner failed to provide a single negative drug screen throughout the entirety of the proceedings. In fact, petitioner testified that she last used drugs a "couple days" before the dispositional hearing. Petitioner's failure to provide negative drug screens below resulted in her inability to visit with the children. Indeed, the record establishes that petitioner saw her children one time in the last two years. We have previously noted "that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W.Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996)(citing *Tiffany Marie S.*, 196 W.Va. at 228 and 237, 470 S.E.2d at 182 and 191; *State ex rel. Amy M. v. Kaufman*, 196 W.Va. 251, 259, 470 S.E.2d 205, 213 (1996)). Moreover, petitioner failed to comply with several other aspects of her improvement period. She did not maintain contact with the DHHR, only sparingly participated in adult life skills classes, and failed to obtain employment. Although petitioner argues that she participated in counseling, she only sought out this service one day prior to the dispositional hearing. As such, it is clear that petitioner failed to abide by the family case plan.

While petitioner suggests that the circuit court should have deferred its ruling to allow her more time to enroll in inpatient treatment, we have previously held that

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W.Va. Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W.Va. Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Based on the foregoing, we find that the circuit court did not err in terminating petitioner's parental rights.

Lastly, because the proceedings regarding the father remain ongoing, this Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

[t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, syl. pt. 6. Moreover, this Court has stated that

[i]n determining the appropriate permanent out-of-home placement of a child under W.Va.Code § 49-6-5(a)(6) [1996] [now West Virginia Code § 49-4-604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W.Va. 648, 408 S.E.2d 400 (1991).

For these reasons, we find no error in the decision of the circuit court, and its September 12, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  February 15, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison